UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNICARE LIFE & HEALTH INSURANCE
COMPANY,

    Plaintiff,

v.                                                         Case No. 06-13254
                                                         Honorable Julian Abele Cook, Jr.

MAMIE CARTER,

    Defendant and Cross Defendant and Counter-
    Cross Plaintiff,

And

SUSAN H. BENNETT,

    Defendant and Cross Plaintiff and Counter-
    Cross Defendant.


ORDER

This is an interpleader action which involves a dispute between Mamie Carter and Susan H. Bennett[1] over the proceeds from a life insurance policy that had been issued by the Plaintiff, Unicare Life & Health Insurance Company ("Unicare"), to Edward Bennett prior to his death on May 30, 2006.

Unicare, as the acknowledged insurer of Edward Bennett's life insurance policy at the time of his death and after recognizing the existence of two competing claimants to the insurance

---

[1] Mamie Carter and Susan H. Bennett have been officially identified by Unicare in this litigation as (1) the Defendant, Cross Defendant and Counter-Cross Plaintiff and (2) the Defendant, Cross Plaintiff and Counter-Cross Defendant, respectively.

monies, received authority from the Court to transmit the proceeds to a designated escrow account pursuant to the Federal Interpleader Act, 28 U.S.C. §1335(a) (1994). Following the completion of a trial without a jury, the Court has reached the following facts and conclusions of law with regard to all of the contested issues in this litigation, as required by Fed. R. Civ. P. 52:

I.

The Plaintiff, Unicare Life & Health Insurance Company, (1) is a subsidiary of WellPoint Health Networks, Inc. whose corporate headquarters are located in the State of California, and (2) was authorized by the licensing authorities in the State of Michigan to conduct its business activities within the Eastern District of Michigan during all of the times that are relevant to this lawsuit. The Defendant, Cross Defendant, and Counter-Cross Plaintiff, Mamie Carter, and the Defendant, Cross Plaintiff, and Counter-Cross Defendant, Susan H. Bennett, are residents of the City of Detroit, Michigan.

II.

This is a civil action, in which Unicare, as an insurer, has (1) acknowledged that it possesses the proceeds from an enforceable life insurance contract of a now-deceased policyholder which has a value of five hundred dollars ($500) or more, (2) recognized that there are at least two known adverse claimants, both of whom have asserted an exclusive right to the possession of these monies, and (3) expressed a desire, as well as a willingness, to deliver and deposit these funds into the registry of the Court for such action as may be appropriate and necessary.

Thus, and by virtue of the authority under the Federal Interpleader Act, 28 U.S.C. §1335(a), the Court determines that it possesses the jurisdiction with which to address and resolve all of the factual and legal issues in this controversy.

III.

The following issues have been raised by the two claimants, Mamie Carter and Susan H. Bennett; namely, if (1) the signature of Edward Bennett which appears on the challenged "change in beneficiary" form is authentic; (2) Edward Bennett had consumed any medication or some other mind-influencing product on or about May 23, 2006 which adversely affected his ability to fully comprehend the significance of modifying a "change in beneficiary" form; (3) Mamie Carter asserted any undue influence upon him regarding the modification of the "change in beneficiary" form on or prior to May 23, 2006; and (4) Susan H. Bennett and/or her counsel should be sanctioned under Federal Rule of Civil Procedure 11 for filing pleadings in bad faith.

IV.

Susan H. Bennett and Edward Bennett were husband and wife from 1964 until their divorce in 1977. Their marital union produced four children (namely, Edward III, Denise, Lakisha, and Shakaris). Following his divorce in 1977, Edward Bennett developed a close personal relationship with Mamie Carter which lasted approximately twenty years until his death in 2006. Despite the challenges by Susan H. Bennett to the authenticity of the change in the name of the beneficiary to Mamie Carter on her former husband's life insurance policy, she has failed to produce any competent evidence which would support her claim. Hence, the presumption of validity of Edward Bennett's signature on the "change of beneficiary" form remains without a successful challenge by Susan H. Bennett.

Moreover, there is no competent evidence that (1)Edward Bennett consumed any medication or a mind-altering product on or about May 23, 2006 which would have prevented him from displaying the requisite mental capacity to change the "change in beneficiary" form, (2) his decision to change the name of the beneficiary of his insurance policy was initiated by any acts of undue influence, and (3) the assistance given to him by his nephew, Terry Parker, and a friend,

Tommy Cotton, in signing the "change in beneficiary " form was unlawful or improper in any manner.

V.

Susan H. Bennett has failed to proffer a sufficiency of evidence which would establish that the signature of her late husband on the "change in beneficiary " form was a forgery. In making this finding, the Court notes that no expert witness was ever proffered by her on this issue.

With regard to the question of undue influence, Mamie Carter has cited to, and relied upon, Michigan case law to support her position that the signature on the challenged "change in beneficiary " form was not the product of the undue influence by other persons. Such citations are misguided, in that the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.S. § 1001 et. seq., preempts any state law that is related to a ERISA-covered plan, such as that found in this case. *Tinsley v. GMC*, 227 F.3d 700, 703 (6th Cir. 2000). Moreover, ERISA does not contain any provision which attempts to regulate problems arising out of beneficiary designations that are (1) the products of forgery, (2) caused by acts of undue influence, or (3) improperly procured. Significantly, the Sixth Circuit Court of Appeals has determined that federal common law applies in a case in which undue influence has been alleged. *Id*. at 704.

In *Tinsley*, the Sixth Circuit Court of Appeals, after reviewing the reported case law involving claims of undue influence in Michigan, Ohio, Tennessee and Kentucky, opined that it is "generally defined as influence that is 'sufficient to overpower volition, destroy free agency, and impel the grantor to act against the grantor's inclination and free will.'" *Id.* (quoting *McPeak v. McPeak*, 233 Mich App. 483). The undue influence must also "so overpower and subjugate the mind of the testator as to destroy the testator's free agency and make the testator express another's will rather than his or her own." *Id*. at 704-705. Thus, a demonstration of a "mere motive or

opportunity" is not enough to establish a claim of undue influence. *Id.* at 705. The influence must actually be exerted. *Id.* As a result, the courts within the Sixth Circuit are encouraged to look at a number of factors when seeking to determine if an act of undue influence has been exercised:

> the physical and mental condition of the benefactor; whether the benefactor was given any disinterested advice with respect to the disputed transaction; the "unnaturalness" of the gift; the beneficiary's role in procuring the benefit and the beneficiary's possession of the document conferring the benefit; coercive or threatening acts on the part of the beneficiary, including efforts to restrict contact between the benefactor and his relatives; control of the benefactor's financial affairs by the beneficiary; and the nature and length of the relationship between the beneficiary and the benefactor. *Id.*

After listening to two days of testimony, the Court believes that Edward Bennett and Mamie Carter had, by most accounts, a loving relationship which lasted for approximately two decades. Although he remained in contact with Susan H. Bennett during their post-divorce years, Mamie Carter was his primary romantic interest. Under this relationship, it would have been natural for him to convey the proceeds from his life insurance policy to Mamie Carter. Although Edward Bennett was clearly suffering from the ill effects of cancer during the waning years of his life, the trial testimony has persuaded the Court that he (1) was mentally aware of his surroundings on or about May 23, 2006, (2) personally directed the effort to determine how a change in the name of a beneficiary of his life insurance could be accomplished, and (3) satisfied his desire by signing the "change in beneficiary " form. Therefore, the Court declares that (1) the challenged "change in beneficiary " form must stand as written without modification, and (2) the life insurance proceeds of $44,590.00 plus any accumulated interest shall be, and is, awarded to Mamie Carter. The Court also finds that Susan H. Bennett has failed to proffer any credible evidence which would even suggest - much less prove - that Edward Bennett lacked a sufficient mental capacity to decide to

change the beneficiary of his life insurance policy on or about May 23, 2006.[2]

The Court declines to sanction Susan H. Bennett and/or her counsel for their alleged violations of Fed. R. Civ. P. 11. In essence, it is the judgment of the Court that, despite the unsuccessful attempt by Susan H. Bennett to challenge the validity of Edward Bennett's signature on the change of beneficiary form, her efforts were not made in bad faith. As such, the Court finds that there is no basis for assessing sanctions against Susan H. Bennett or her attorney.

Finally, the Clerk of the Court is directed to disburse to the sum of $44,590.00 plus interest to Mamie Carter forthwith.

IT IS SO ORDERED.

Dated: December 6, 2007                          s/ Julian Abele Cook, Jr.
      Detroit, Michigan                      JULIAN ABELE COOK, JR.
                                                   United States District Court Judge


Certificate of Service

I hereby certify that on December 6, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                                  s/ Kay Alford
                                                                  Courtroom Deputy Clerk

---

[2] Susan H. Bennett also claimed that the change in the beneficiary form may have been the result of fraud. The Court dismisses this claim for the reasons stated above. Moreover, no evidence was presented during the trial that supported the proposition that the change in the beneficiary form was the result of fraud.